UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DONALD E. JACKSON, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:21-cv-01788-GMN-NJK |
| vs. ) | |
| ) | **ORDER** |
| WILLIAM HUTCHINGS, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Motion to Dismiss, (ECF No. 16), filed by Defendants Monique Hubbard-Pickett, William Hutchings, and James Scally (collectively, "Defendants"). Plaintiff Donald E. Jackson ("Plaintiff") filed a Response, (ECF No. 21), to which Defendants filed a Reply, (ECF No. 22).

Also pending before the Court is Plaintiff's Motion to Reconsider, (ECF No. 25). Defendant filed a Response, (ECF No. 26), to which Plaintiff filed a Reply, (ECF No. 27).

For the reasons discussed below, Defendant's Motion to Dismiss is **DENIED** and Plaintiff's Motion to Reconsider is **STRICKEN**.[1]

I.     **BACKGROUND**

This action arises from Defendants' alleged violations of the Eighth Amendment's prohibition against cruel and unusual punishment. (Compl. at 17, ECF No. 5). Specifically, Plaintiff alleges that Defendants have failed to take appropriate measures to address the spread of COVID-19 at Southern Desert Correctional Center. (*See generally id.*); (Screening Order 3:20–26, ECF No. 4).

---

[1] Plaintiff acknowledges that he "misunderstood the procedure and process" when he filed a motion to reconsider of a non-existent order. (Reply to Mot. Recon. at 1:21–22). Accordingly, Plaintiff requests that the Court disregard Plaintiff's Motion to Reconsider. (*Id.* at 1:25–27). For good cause appearing, the Court STRIKES Plaintiff's Motion to Reconsider, (ECF No. 25).

## II.     LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  "However, material which is properly submitted as part of the complaint may be considered." *Id.*  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)).  On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

///

## III.    DISCUSSION

Defendants present one argument in their Motion to Dismiss: Plaintiff's claims are barred by the Prison Litigation Reform Act ("PLRA") because Plaintiff failed to properly exhaust all administrative remedies. (Mot. Dismiss 6:3–8, ECF No. 16). The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Proper exhaustion" of administrative remedies in prisoner cases is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85, 93 (2006). Proper exhaustion "means that a grievant must use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). "Applicable procedural rules [for proper exhaustion] are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

Generally, failure to exhaust administrative remedies in PLRA cases is an issue decided on summary judgment, with the aid of the NDOC Administrative Regulation ("AR") 740 attached as an exhibit. *See, e.g.*, *Bazaldua v. Williams*, No. 2:19-cv-00475-GMN-DJA, 2022 WL 744479, at *3 (D. Nev. Mar. 10, 2022) (citing AR 740, attached as an exhibit to defendants' motion for summary judgment, to detail the grievance process); *Welch v. Minev*, No. 2:19-cv-01064-GMN-BNW, 2022 WL 6757751, at *4 (D. Nev. Oct. 7, 2022) (same). Here, Defendants have filed a Motion to Dismiss, and no party has attached any exhibits.

Plaintiff did, however, attach documentation of his grievances to his Complaint. (Compl. at 54–67, ECF No. 5).[2] Additionally, Plaintiff's Complaint alleges that he filed an Informal, First Level, and Second Level Grievance. (*Id.* at 27). According to the Complaint, Plaintiff

---

[2] The Second Level Grievance provided in the exhibits to the Complaint is not dated or signed by Plaintiff and does not contain a response from a prison official. (*Id.* 65–67). Defendants do not argue that Plaintiff failed to submit a Second Level Grievance, and the Court will not extrapolate from what could be a filing error.

filed Grievance No. 2006-31-19614 on March 16, 2021. (Compl. at 27, ECF No. 5). Plaintiff's Informal Grievance and First Level Grievance were denied, and his Second Level Grievance was "pending response" when he filed the Complaint. (*Id.*).

The Court finds that dismissal for failure to exhaust administrative remedies is improper at this stage. Although it is unclear whether Plaintiff exhausted his administrative remedies as a matter of law,[3] Plaintiff alleges that he filed grievances at each level. This is sufficient to survive a motion to dismiss. Accordingly, the Court DENIES Defendants' Motion.

## V. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 16), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reconsider, (ECF No. 25), is **STRICKEN**.

**DATED** this 23 day of May, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[3] To determine whether Plaintiff exhausted his administrative remedies as a matter of law, the Court would need to consider AR 740. Neither party has asked the Court to do so. Additionally, on a motion for summary judgment, the Court would need the parties to refer to exhibits demonstrating the steps taken by Plaintiff to exhaust his administrative remedies.