# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| DONALD E. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:21-cv-01788-GMN-NJK |
| vs. | ) | |
| | ) | **ORDER GRANTING SUMMARY** |
| WILLIAM HUTCHINGS, *et al.*, | ) | **JUDGMENT** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is Defendants Monique Hubbard-Pickett, William Hutchings, and James Scally's Motion for Summary Judgment, (ECF No. 32).[1]  *Pro se* Plaintiff Donald E. Jackson did not file a Response.[2]  Because Plaintiff failed to exhaust his administrative remedies, the Court **GRANTS** Defendants' Motion for Summary Judgment.

Also pending before the Court is Defendants' Motion for Leave to File Document Under Seal, (ECF No. 33).  The Court **GRANTS** the Motion to Seal because the exhibit in question contains Plaintiff's sensitive health information, medical history, and treatment records. *See Steven City Broomfield v. Aranas*, No. 3:17-cv-00683-MMD-WGC, 2020 WL 2549945, at *2 (D. Nev. May 19, 2020) (noting that courts within the Ninth Circuit "have recognized that the need to protect medical privacy qualifies as a 'compelling reason' for sealing records"); *see also Kennedy v. Watts*, No. 3:17-cv-0468, 2019 WL 7194563, at *2 (D. Nev. Dec. 23, 2019) (applying compelling reasons standard to sealing request made in connection with motion for summary judgment).

///

---

[1] Defendants Hubbard-Pickett, Hutchings, and Scally are the only remaining Defendants in this case. (*See* Screening Order 9:22–28, ECF No. 4).
[2] The Court gave Plaintiff multiple extensions to file a Response. (*See* Min. Orders, ECF Nos. 41, 42).

I.    **BACKGROUND**

This action arises from Defendants' alleged violations of the Eighth Amendment's prohibition against cruel and unusual punishment. (Compl. at 17, ECF No. 5).  Specifically, Plaintiff alleges that Defendants have failed to take appropriate measures to address the spread of COVID-19 at Southern Desert Correctional Center. (*See generally id.*); (Screening Order 3:20–26, ECF No. 4).

Plaintiff filed an informal grievance regarding the prison's handling of the COVID-19 pandemic in March of 2021. (Grievance 2006-31-19614 at 3, Ex. F to Mot. Summ. J., ECF No. 32-6).  The informal grievance was denied on May 12, 2021. (*Id.* at 2).  Plaintiff appealed this grievance to the first level on June 2, 2021. (First Level Grievance at 3, Ex. I to Mot. Summ. J., ECF No. 32-9).  On July 21, 2021, the prison denied the First Level Grievance on its merits. (*Id.* at 2).  Plaintiff then filed a Second Level Grievance on September 21, 2021, which the prison rejected as untimely. (Second Level Grievance, Ex. J to Mot. Summ. J., ECF No. 32-10).  Plaintiff filed another second level grievance on October 7, 2021, which was rejected for failure to attach the appropriate documents. (Resubmitted Second Level Grievance, Ex. K to Mot. Summ. J., ECF No. 32-11).

Plaintiff filed a Complaint alleging that Defendants violated his Eighth Amendment rights.  Defendants moved to dismiss for failure to exhaust all administrative remedies, but the Court denied the motion because the issue of exhaustion was premature. (Order, ECF No. 28). Defendants now move for summary judgment. (Mot. Summ. J., ECF No. 32).

II.    **LEGAL STANDARD**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that

1    may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

2    A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to

3    return a verdict for the nonmoving party. *Id.*  "The amount of evidence necessary to raise a

4    genuine issue of material fact is enough 'to require a jury or judge to resolve the parties'

5    differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir.

6    1983) (quoting *First Nat'l Bank v. Cities Serv. Co*., 391 U.S. 253, 288–89 (1968)).  "Summary

7    judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving

8    party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd.*

9    *P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008).  A principal purpose of summary judgment is "to

10    isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477

11    U.S. 317, 323–24 (1986).

12    In determining summary judgment, a court applies a burden-shifting analysis.  "When

13    the party moving for summary judgment would bear the burden of proof at trial, it must come

14    forward with evidence which would entitle it to a directed verdict if the evidence went

15    uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing

16    the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp.*

17    *Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citation and

18    quotation marks omitted).  In contrast, when the nonmoving party bears the burden of proving

19    the claim or defense, the moving party can meet its burden in two ways: (1) by presenting

20    evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating

21    that the nonmoving party failed to make a showing sufficient to establish an element essential

22    to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477

23    U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be

24    denied, and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress*

25    *& Co.*, 398 U.S. 144, 158–60 (1970).

1    If the moving party satisfies its initial burden, the burden then shifts to the opposing

2    party to establish that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v.*

3    *Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  But a motion for summary judgement cannot be

4    granted based solely on the fact that it is not opposed. *See Heinemann v. Satterberg*, 731 F.3d

5    914, 917 (9th Cir. 2013); *see also* Local Rule 7-2(d).  Instead, the movant must make a showing

6    that it is entitled to judgment. *Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003).  In

7    assessing such a motion, courts must "ensure that the motion itself is supported by evidentiary

8    materials," *Pinder v. Employment Dev. Dept.*, 227 F. Supp. 3d 1123, 1135–36 (E.D. Cal. 2017),

9    and may only consider admissible, authenticated evidence. *Cristobal v. Siegel*, 26 F.3d 1488,

10   1494 (9th Cir. 1994).

11   **III.   DISCUSSION**

12   Defendants make several alternative arguments for summary judgment on Plaintiff's

13   Eighth Amendment claims of unsafe prison conditions.  Namely, Defendants argue that

14   Plaintiff cannot establish a genuine dispute of material fact as to the elements of his Eighth

15   Amendment claims and that to the extent there may be a co-extensive claim of cruel and

16   unusual punishment under Nevada Law, that Defendants are entitled to sovereign immunity,

17   discretionary immunity, and qualified immunity.  Defendants further argue that Plaintiff failed

18   to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA").

19   (Mot. Summ. J. 2:7–19).  The Court agrees that the undisputed facts demonstrate Plaintiff's

20   failure to exhaust his administrative remedies.  Accordingly, the Court does not address

21   Defendants' other arguments. *See Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (courts

22   should decide exhaustion before examining the merits of a prisoner's claim).

23   The PLRA provides that "[n]o action shall be brought with respect to prison conditions

24   under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison,

25   or other correctional facility until such administrative remedies as are available are exhausted."

42 U.S.C. § 1997e(a).  Exhaustion in prisoner cases is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).  The PLRA requires "proper exhaustion" of administrative remedies. *Id.* at 93. Proper exhaustion "means that a grievant must use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). "Applicable procedural rules [for proper exhaustion] are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

The defendant bears the initial burden to show that there was an available administrative remedy, and that the prisoner did not exhaust it. *Albino*, 747 F.3d at 1169, 1172.  Once that showing is made, the burden shifts to the prisoner, who must either demonstrate that he, in fact, exhausted administrative remedies or "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* at 1172.  The ultimate burden, however, rests with the defendant. *Id.*  Summary judgment is appropriate if the undisputed evidence, viewed in the light most favorable to the prisoner, shows a failure to exhaust. *Id.* at 1166; *see* Fed. R. Civ. P. 56(a).

Defendants' Motion for Summary Judgment includes a copy of the NDOC Administrative Regulation ("AR") 740, entitled "Inmate Grievance Procedure," which governs the NDOC grievance policy. (AR 740, Ex. H to Mot. Summ. J., ECF No. 32-8).  Before beginning the grievance process, an inmate must first attempt to resolve the matter by other means, "such as discussion with staff or submitting an inmate request form." (AR 740.08(1), Ex. H to Mot. Summ. J.).  If the inmate cannot otherwise resolve the issue, then the inmate may file an informal grievance. (*Id.*).

For claims regarding medical issues, the procedure continues as follows: (1) an Informal Grievance, which is "responded to by a charge nurse or designee of the Director of Nursing," (AR 740.08(2)(B), Ex. H to Mot. Summ. J.); (2) a First Level Grievance appealing the Informal

1  Grievance decision to the "highest level of Nursing Administration," (AR 740.08(12)(A),

2  740.09(1)(B), Ex. H to Mot. Summ. J.); and (3) a Second Level Grievance, which is decided by

3  the Medical Director, (AR 740.10(1)(E), Ex. H to Mot. Summ. J.).  For both the Informal

4  Grievance and the First Level Grievance, the prison's response should be provided within 45

5  days, and then "[t]he inmate must file an appeal within five (5) calendar days of receipt of the

6  response to proceed to the next grievance level." (AR 740.08(12), 740.09(5), Ex. H to Mot.

7  Summ. J.).  Inmates may proceed to the next grievance level if they do not receive a response

8  within the time frame indicated in the regulation. (AR 740.03(8)(B), Ex. C to Mot. Summ. J.).

9  These three levels constitute the process required for an inmate to exhaust all available NDOC

10 administrative procedures. (AR 740.03(6), Ex. H to Mot. Summ. J.).

11      Here, Defendants argue that Plaintiff failed to exhaust his administrative remedies.

12 Although Plaintiff did not respond to the Motion for Summary Judgment to present his version

13 of the facts, Defendants provided a record of Plaintiff's grievances.  And this undisputed record

14 demonstrates that Plaintiff indeed failed to timely exhaust his administrative remedies.  Under

15 AR 740, Plaintiff had five calendar days of receipt of the response to his First Level Grievance

16 to proceed to the next level.  But Plaintiff did not file a Second Level Grievance until 62 days

17 after his First Level Grievance was denied.[3] (*See generally* First Level Grievance and Second

18 Level Grievance, Exs. I, J to Mot. Summ. J.).  Accordingly, Plaintiff failed to exhaust his

19 administrative remedies pursuant to AR 740.[4]  The Court therefore **GRANTS** summary

20 judgment for Defendants.

21 ///

---

[3] Although it appears that Plaintiff's First Level Grievance was also untimely, Defendants admit that prison "personnel waived Jackson's untimely response for his first grievance by responding to it [and] addressing the merits of Jackson's claim." (Mot Summ. J. 27:7–10).
[4] Plaintiff's resubmitted Second Level Grievance was also untimely but was rejected for missing documentation. (Resubmitted Second Level Grievance, Ex. K to Mot. Summ. J., ECF No. 32-11).  The resubmitted Second Level Grievance did not cure Plaintiff's untimely Second Level Grievance.

## IV.    **<u>CONCLUSION</u>**

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment, (ECF No. 32), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to File Document Under Seal, (ECF No. 33), is **GRANTED**.

The Clerk of Court is kindly instructed to enter Judgment for Defendants and close the case.

**DATED** this __20__ day of June, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court